# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 131

Equinor Energy LP, f.k.a. Statoil and Gas LP,　　　　　　　　　Appellant

v.

State of North Dakota, by and through its
Tax Commissioner, Brian Kroshus,　　　　　　　　　　　　　Appellee

### No. 20230225

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Stephen G. Masciocchi (argued), Denver, CO, Michael S. Raum (appeared), Fargo, ND, and Joshua Veith (on brief), Austin, TX, for appellant.

Charles L. Dendy (argued) and Matthew F. Danielson (appeared), Special Assistant Attorneys General, Bismarck, ND, for appellee.

**Jensen, Chief Justice.**

[¶1]    Equinor appeals from a district court judgment affirming the decision of an administrative law judge ("ALJ") upholding the North Dakota State Tax Commissioner's denial of sales tax refunds. Equinor asserts the ALJ's decision misapplied the law in denying the refunds by ignoring the plain and ordinary language of the phrase "gas recovered from an oil or gas well in this state" and ignoring the technical definition of gathering or collecting gas as used in N.D.C.C. § 57-39.2-04.5(1). We affirm.

I

[¶2]    Equinor produces oil and gas from wells in North Dakota. Between October 1, 2013, and September 30, 2016, Equinor purchased and paid North Dakota sales tax on oilfield equipment, including separators, for several facilities.

[¶3]    On December 20, 2016, Equinor applied for a refund based on N.D.C.C. § 57-39.2-4.5(1). Equinor claimed the equipment qualified for a tax refund because the equipment was installed into a system used to compress, process, gather, collect, or refine gas. On March 30, 2017, the Tax Commissioner ("Commissioner") approved a portion of the claim for refund and issued a partial refund to Equinor.

[¶4]    Equinor filed a protest of the denial of its remaining refund claim. Another partial refund was distributed to Equinor. On June 13, 2019, the Commissioner issued an administrative complaint requesting denial of the remaining requested refund amount. By stipulation, Equinor and the Commissioner narrowed the issues before the ALJ. The remaining amount in controversy was related to the purchase of separators.

[¶5]    A hearing was held before an ALJ on August 11-12, 2020. Equinor explained separators isolate and distribute oil, gas, and water produced from an oil well at a relatively high pressure. Equinor argued the separators in question were installed in systems used to "compress" or "gather" gas, which is within the scope of the exemption. The Commissioner disagreed, contending that initial separators used during production do not qualify for the exemption, which applies only to equipment installed downstream of the wellsite transfer meter, *i.e.*, off the wellsite. The Commissioner's internal policy is based on the

1

department's belief that "initial" and "integrated" separators are used in production that occurs before gas has been "recovered" from a well.

[¶6]   On January 21, 2021, the ALJ upheld the denial of the refund claim, and the Commissioner adopted the ALJ's findings of fact and conclusions of law. Equinor appealed to the district court, which reversed the Commissioner's order. The court ruled that the Commissioner's findings of fact and conclusions of law were not supported by the evidence or North Dakota law and that the Commissioner had failed to sufficiently address the evidence presented by the taxpayer. The court reversed the order of the Commissioner and remanded for findings and conclusions specific to the issues identified by the court.

[¶7]   On remand, the ALJ again recommended the denial of Equinor's refund. On June 30, 2022, the Commissioner adopted the ALJ's recommendation with edits. Equinor again appealed to the district court. The court affirmed the final order of the Commissioner, finding that Equinor's separators were not exempt under N.D.C.C. § 57-39.2-04.5(1). This appeal followed.

II

[¶8]   Our review of a decision by an administrative agency is governed by N.D.C.C. § 28-32-46. *Kroschel v. Levi*, 2015 ND 185, ¶ 6, 866 N.W.2d 109. We limit our review to the record before the administrative agency, and we do not review the decision of the district court. *Id.* Section 28-32-46, N.D.C.C., requires us to affirm the agency's decision unless:

1.   The order is not in accordance with the law.
2.   The order is in violation of the constitutional rights of the appellant.
3.   The provisions of this chapter have not been complied with in the proceedings before the agency.
4.   The rules or procedure of the agency have not afforded the appellant a fair hearing.
5.   The findings of fact made by the agency are not supported by a preponderance of the evidence.
6.   The conclusions of law and order of the agency are not supported by its findings of fact.
7.   The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8.   The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

2

N.D.C.C. § 28-32-46. "When an appeal involves an interpretation of a statute, a legal question, this Court will affirm the agency's order unless it finds the order is not in accordance with the law." *Johnson v. Dep't of Transp.,* 2004 ND 148, ¶ 5, 683 N.W.2d 886. "Although this Court's review is limited to the record before the administrative agency, 'the district court's analysis is entitled to respect if its reasoning is sound.'" *Deeth v. Dir., N.D. Dep't of Transp.,* 2014 ND 232, ¶ 10, 857 N.W.2d 86 (quoting *Obrigewitch v. Dir., N.D. Dep't of Transp.,* 2002 ND 177, ¶ 7, 653 N.W.2d 73). "We review appeals from the final judgment of a district court in the same manner as provided for in N.D.C.C. § 28-32-46 or N.D.C.C. § 28-32-47." *Deeth,* at ¶ 11. "An agency's conclusions on questions of law are subject to full review." *Vanlishout v. N.D. Dep't of Transp.,* 2011 ND 138, ¶ 12, 799 N.W.2d 397.

III

[¶9]     Equinor argues the Commissioner erred in denying a sales tax refund requested by Equinor under N.D.C.C. § 57-39.2-04.5. The issue of whether the Commissioner correctly interpreted a statute is a question of law, which is fully reviewable by this Court on appeal. *See Northern X–Ray Co., Inc. v. State ex rel. Hanson,* 542 N.W.2d 733, 735 (N.D. 1996).

[¶10]   Section 57-39.2-04.5(1), N.D.C.C., exempts from tax:

> [T]angible personal property used to construct or expand a system used to compress, process, gather, collect, or refine gas recovered from an oil or gas well in this state or used to expand or build a gas processing facility in this state are exempt from taxes under this chapter. To be exempt, the tangible personal property must be incorporated into a system used to compress, process, gather, collect, or refine gas. Tangible personal property used to replace an existing system to compress, process, gather, collect, or refine gas does not qualify for exemption under this section unless the replacement creates an expansion of the system.

[¶11] Our primary goal in statutory construction is to ascertain the intent of the Legislature. *See Western Gas Resources, Inc. v. Heitkamp,* 489 N.W.2d 869, 872 (N.D. 1992). In ascertaining the Legislature's intent, we first look to the plain language of the statute and give each word of the statute its ordinary meaning. *See Estate of Thompson,* 1998 ND 226, ¶ 7, 586 N.W.2d 847. We construe the statute as a whole and give effect to each of its provisions if possible. *Id.* If the language of the statute is clear and unambiguous, we cannot ignore that language under the pretext of pursuing its spirit, because the legislative intent is presumed clear from the face of the statute. *Id.* However,

3

if the language of a statute is ambiguous, we may resort to extrinsic aids to interpret the statute. *Id.* "[I]f a tax statute is ambiguous so that the legislative intention with respect to the meaning of the statute is doubtful, the doubt must be resolved in favor of the taxpayer." *Rocky Mountain Oil & Gas Ass'n v. Conrad*, 405 N.W.2d 279, 281 (N.D. 1987).

> [T]he rule of strict construction of ambiguous tax statutes in favor of the taxpayer is a rule of last resort when other means of ascertaining the legislature's intentions have failed. *Compare Webster v. Regan*, 2000 ND 89, ¶ 11, 609 N.W.2d 733 ("interpretation of ambiguities in a grantee's favor is a last resort rule of construction, applied when all other means of ascertaining the parties' intent have failed"); *Kaler v. Kraemer*, 1999 ND 237, ¶ 19, 603 N.W.2d 698 ("a court should construe a contract against its drafter only when the uncertainty is not removed by application of other rules of contract interpretation").

*Amerada Hess Corp. v. State ex rel. Tax Comm'r*, 2005 ND 155, ¶ 20, 704 N.W.2d 8.

[¶12]  In this case, the Legislature has not defined the phrases "recovered from," "a system to compress gas," or "a system to gather gas" as used in N.D.C.C. § 57-39.2-04.5(1). Both parties have presented rational interpretations of that language, and the terms are susceptible to different meanings. We conclude that the definitions of "recovered from," "a system to compress gas," or "a system to gather gas" in section 57-39.2-04.5(1), N.D.C.C., are ambiguous.

[¶13]  Section 1-02-39, N.D.C.C., describes extrinsic aids, which may be used to ascertain legislative intent when a statute is ambiguous. These include:

1. The object sought to be attained.
2. The circumstances under which the statute was enacted.
3. The legislative history.
4. The common law or former statutory provisions, including laws upon the same or similar subjects.
5. The consequences of a particular construction.
6. The administrative construction of the statute.
7. The preamble.

[¶14]  The Commissioner construed "recovered from" to include gas that has already been recovered, and that there is a difference between a system used to recover gas and a system used for gas recovered. Here, the separators sort the "well stream" into its three component

4

parts: water, oil, and gas. After water, oil, and gas are separated, they are different substances from the combined stream. Therefore, they are different in kind.

[¶15] Furthermore, the North Dakota Industrial Commission ("NDIC") treats separators as production equipment, and thus it has always been the tax commissioner's opinion that production equipment is not included in the exemption. The conclusion that separators are part of the production process and that gas is not recovered until after primary separation from the emulsion was based on longstanding policy and NDIC rules.

[¶16] The Commissioner construed "system to compress gas" as a component for raising pressure on a gas stream and that Equinor's separators are not being used to compress gas. A "system to compress…gas" necessarily operates on gas. To be part of such a system, a component must be incorporated after the gas is "recovered from an oil or gas well in this state." The compression or gathering system handles gas when it can be sent as gas. Before that point, there is no gas for a system to compress. Once gas has been recovered from the well, equipment must be used in a system to compress or gather to qualify for the exemption. The separators merely isolated the three component parts of the well stream.

[¶17] Similarly, a system cannot "gather…gas" until there is gas that can be gathered after it has been separated from oil and water. Separators isolate the gas from oil and water; they do not gather it. Gas gathering systems are used for aggregating the production of gas from multiple wells and routing the gas. Equinor's separators are not being used in a system to gather gas. We conclude we are able to determine the legislature's intent in using the phrases "recovered from," "a system to compress gas," or "a system to gather gas" and it is unnecessary to apply "the rule of last resort" and construe the ambiguity in favor of the taxpayer.

IV

[¶18] We conclude the Commissioner's interpretation is in accordance with the language of section 57-39.2-04.5(1), N.D.C.C. We affirm the district court judgment.

[¶19]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr